# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: ) | CASE No. | 21-20111 (JJT) |
| ) | | |
| OLD CP, INC & ) | | |
| SURI REALTY, LLC, ) | | |
| DEBTORS ) | CHAPTER | 11 |
| ) | | |
| OLD CP, INC. ) | | |
| PLAINTIFF ) | ADV. PRO. No. | 23-02020 |
| V. ) | | |
| ) | | |
| NOVO ADVISORS, LLC, ) | RE: ECF Nos. | 64-69 |
| DEFENDANT ) | | |
| ) | | |

## OMNIBUS MEMORANDUM OF
## DECISION ON DEFENDANTS' MOTIONS IN LIMINE

On March 28, 2025, the Defendant filed six Motions in Limine: Motion in Limine No. 1 To Conclusively Establish Admitted Matters (ECF No. 64); Motion in Limine No. 2 To Exclude Evidence or Testimony That Novo Caused Old CP, Inc. to Increase Its Indebtedness (ECF No. 65); Motion in Limine No. 3 To Exclude Testimony of Additional Representatives That Contradicts Testimony of Old CP, Inc.'s Rule 30(b)(6) Designee (ECF No. 66); Motion in Limine No. 4 To Exclude Testimony of Undisclosed Witnesses (ECF No. 67); Motion in Limine No. 5 To Exclude Expert Opinion Testimony of Craig R. Jalbert (ECF No. 68); and Motion in Limine No. 6 To Exclude Hearsay Evidence or Testimony (ECF No. 69). The Court will collectively refer to these motions as "the Motions." The Defendant also

submitted a Supplemental Document containing the Affirmation of Lisa Cordara in Support of Defendant's Motions in Limine (ECF No. 70).

The Court held a status conference at which the Motions were discussed on April 3, 2025. There, the Plaintiff sought time to respond to the Motions. The Court ordered the Plaintiff to file any Objection by April 18, 2025, and the Defendant to file any Reply by May 2, 2025.

On April 18, the Plaintiff filed its Objection to the Motions (ECF Nos. 80, 81, 82, 83, 84, 85), arguing generally that the Court should deny the Motions as premature, overbroad, unclear, and disguised motions for summary judgment, and contending that the Defendant's assertions of unfair prejudice lacked substance.

On May 2, the Defendant filed its Reply (ECF Nos. 87, 88, 89, 90, 91), generally contending that the Plaintiff's Objections ignore the constructive evidentiary thrust of the Motions and reiterating its arguments in support of the Motions.

The Court heard oral argument on the Motions on May 16, 2025. There, the Defendant argued that the Motions are neither disguised motions for summary judgment, nor premature. Instead, the Defendant contended that the Motions give the Court the opportunity to become aware of and provide guidance on various evidentiary issues that it believes are likely to arise at trial. The Plaintiff disagreed, asserting that the Motions are impractical, premature, and indeed disguised summary judgment motions. Thereafter, the Court took the Motions under advisement.

For the following reasons, the Motions are DENIED.

**1. Jurisdiction**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

**2. Motions in Limine**

"'Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.' *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). 'A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*.' *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (internal citation omitted)" *United States v. Bradley*, No. 3:21-CR-00087 (VAB), 2022 WL 1708400, at *3 (D. Conn. May 27, 2022).

"'A court should only exclude evidence on motions *in limine* if the evidence is 'clearly inadmissible on all potential grounds.' *Levinson v. Westport Nat'l Bank*, No. 09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal citation and quotation marks omitted). The court also retains discretion to reserve

judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009); *see also, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 286–87 (S.D.N.Y. 1996)." *Id.*

The Court will examine each of the Motions in turn.

### a. Motion in Limine No. 1 To Conclusively Establish Admitted Matters

In its first Motion in Limine, the Defendant asserts that the Plaintiff's Liquidating Custodian, Craig , represented or stipulated to several facts throughout the course of litigation that constitute binding judicial admissions. Accordingly, the Defendant seeks a Motion in Limine to preclude the Plaintiff "from introducing evidence or argument that contradicts their judicial admissions." Thereto, the Defendant attached Appendix A which "categorizes" the eight alleged judicial admissions and the alleged moments in the record that support the establishment of those admissions.

In its Objection, the Plaintiff contends that this Motion constitutes a disguised summary judgment motion. The Plaintiff further challenges the Motion as overbroad and as putting forth the Defendant's "own interpretation of alleged admissions to establish factual and legal propositions for purposes of trial."

In its Reply, the Defendant argues that the Plaintiff's Objection fails to dispute the judicial admissions allegedly made in this action thus far and reiterates

its request that this Court enter "an order 'declaring that all matters admitted by Plaintiff' in appropriate documents and filings 'be conclusively established at trial.'"

At the hearing held on May 16, 2025, the Defendant reiterated its arguments, asserting that its aim is to proceed to trial focusing on what is in dispute rather than what has been withdrawn from contention through admission.

In response, the Plaintiff asserted that the motion is unnecessary given that the parties intend to file a joint stipulation of facts, that the Defendant is not at a risk of prejudice if such evidence enters, and that the appropriate time to assess any alleged contradictions is on cross examination during the trial currently scheduled for August.

"A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (citing *Official Comm. of Unsecured Creditors of Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d. Cir. 1985)). Judicial statements must be "deliberate, clear, and unambiguous." *Id.* (citing and concurring with the conclusions of the Fourth, Sixth, Seventh, and Eighth Circuits).[1]

Here, the Court concludes this evidentiary issue is better suited for trial when it can be placed in the appropriate factual context. The Court agrees with the

---

[1] *See Choice Escrow and Land Title, LLC v. BancorpSouth Bank*, 754 F.3d 611, 625 (8th Cir. 2014); *Fraternal Order of Police Lodge No. 89 v. Prince George's County, MD*, 608 F.3d 183, 190 (4th Cir. 2010); *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010); *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997).

Plaintiff that the appropriate time to assess any evidence that allegedly contradicts Jalbert's prior admissions is on cross examination during trial. Similarly, conclusively established facts are best addressed via requests to admit and through the submission of stipulated facts. Furthermore, the parties can better establish in a plenary trial whether an admission is simply an evidentiary rather than a judicial admission and if it should be conclusively established. Accordingly, Motion in Limine No. 1 is DENIED.

### b. Motion in Limine No. 2 To Exclude Evidence or Testimony That Novo Caused Old CP, Inc. to Increase Its Indebtedness

In its second Motion in Limine, the Defendant argues that the Plaintiff should be precluded "from introducing any evidence or testimony that [the Defendant] 'caused [the Plaintiff] to increase its indebtedness on the eve of bankruptcy, for the sole purpose of ensuring [the Plaintiff] had funds sufficient to pay BMO,'" a senior lender of the Plaintiff, "'for services [the Defendant] rendered to BMO six months earlier." The Defendant bases this argument on "the ground that [the Plaintiff's] Rule 30(b)(6) designee denied that a claim was being pursued on that basis and [that the Defendant has] relied on that admission." Specifically, the Defendant refers to testimony in which Jalbert was asked "Are you—is it your allegation that [the Defendant] caused [the Plaintiff] to enter into the eight[h] forbearance agreement?" and to which Jalbert replied "No." The Defendant contends that this statement equivocally disclaims any contention that the Defendant caused the Plaintiff to increase its indebtedness on the eve of bankruptcy.

6

In its Objection, the Plaintiff argues that the Defendant misconstrues Jalbert's statement as a disclaimer and that the Motion glosses over other testimony from the deposition "that undermines [the Defendant's] contention that the increased Debt Allegation was disclaimed." Further, the Plaintiff asserts that this Motion is also a disguised summary judgment motion.

In its Reply, the Defendant contends that Jalbert's testimony is clear and refutes any notion that the Defendant caused the Plaintiff's increased indebtedness.

At the hearing held on May 16, 2025, the Defendant argued that it is entitled to rely on Jalbert's clear testimony, and did so, and that the Plaintiff cannot now disclaim that testimony or attempt to imbue that testimony with nuance.

In response, the Plaintiff asserted that the Motion reads like a motion for summary judgment, particularly in that it attempts to dispose with the material element of causation which can be dispositive of a claim. Further, the Plaintiff contended that the Defendant's Motion relies on a self-serving characterization of the testimony.

Here, the Court denies the Motion and concludes that the proper interpretation of this statement is more easily and accurately established at trial. Furthermore, despite the Defendant's attempt to narrowly interpret Jalbert's statements, the Court agrees with the Plaintiff that the testimony – that the Defendant did not cause the Plaintiff to enter into the Eighth Forbearance Agreement – does not constitute an unequivocal relinquishment of the Plaintiff's claim that the Defendant caused the Plaintiff to increase its indebtedness on the

eve of bankruptcy. The appropriate time to fairly assess this claim in context is at trial rather than through a motion in limine and thus the Motion in Limine No. 2 is DENIED.

> **c. Motion in Limine No. 3 To Exclude Testimony of Additional Representatives That Contradicts Testimony of Old CP, Inc.'s Rule 30(b)(6) Designee**

In its third Motion in Limine, the Defendant argues that because the Plaintiff was obligated under Federal Rule of Civil Procedure 30(b)(6) to produce representatives of the Plaintiff and only produced Jalbert, the Plaintiff is now precluded from calling other representatives or agents to testify under 30(b)(6). The Court notes that it is hardly clear that there is another 30(b)(6) witness that could be duly designated and appropriately authorized in this Chapter 11 other than Jalbert.

In its Objection, the Plaintiff contends that Federal Rule of Civil Procedure 30 contemplates precluding other representatives of a Rule 30 deponent from testifying at trial only as a remedy for failure to comply with Rule 30, when the Defendant has not here alleged that the Plaintiff has failed to comply with the rule. Furthermore, the Plaintiff contends that the motion is unclear and that the relief sought is overbroad.

In its Reply, the Defendant asserts that it specifically intends to preclude "testimony as to facts 'that contradict admissions made in [the Plaintiff's Rule 30(b)(6) deposition.'" The Defendant concludes that "[a]t bottom, [it] should be able

8

to rely on the complete and knowledgeable answers provided by a corporate designee and pursue the claims and its defenses accordingly."

At the hearing held on May 16, 2025, the Defendant reiterated its argument that as the Plaintiff's 30(b)(6) deponent, Jalbert was required to give complete, binding answers on behalf of the Plaintiff and asked the Court to decree that the Plaintiff would not be permitted to even call additional third party fact witnesses should it come to light that Jalbert did not give complete and binding testimony.

In response, the Plaintiff asserted that the only 30(b)(6) deponent it will put forward is Jalbert and argued that should contradictions later arise in the testimony at trial, the Court can at that time weigh the alleged contradictions and how they might impact credibility assessments and the weight of testimony or evidence.

Here, the Court concludes that the Motion is moot. Federal Rule of Civil Procedure 16(b)(3) notes that scheduling orders must "limit the time to join other parties, amend the pleadings, *complete discovery*, and file motions." (Emphasis added.) On December 16, 2024, this Court entered an order extending the discovery bar date time to January 17, 2025. (See ECF No. 50) At the hearing, counsel for both parties acknowledged that discovery in this concluded in January of 2025. Accordingly, the time to designate 30(b)(6) deponents other than Jalbert has passed. Nevertheless, Jalbert's designation as a deponent under 30(b)(6) does not preclude the Plaintiff from calling Jalbert or others as fact witnesses at trial. In sum, the Motion in Limine No. 3 is DENIED as moot.

### d. Motion in Limine No. 4 To Exclude Testimony of Undisclosed Witnesses

In its fourth Motion in Limine, the Defendant argues that the Plaintiff failed to identify certain witnesses in its disclosures under Federal Rule of Civil Procedure 26 and that the Plaintiff should therefore be precluded from calling four of the eleven witnesses that the Plaintiff may seek to call. Specifically, the Defendant seeks to prevent the Plaintiff from calling: 1) Mr. Scott Rosen; 2) Ms. Adrienne Walker; 3) a corporate designee for BMO; and 4) a corporate designee for Stretto, Inc.

In its Objection, the Plaintiff contends that the witnesses – all key actors – are well known to the Defendant, as the Defendant had engaged and communicated with them regarding matters alleged in the Complaint, undermining the Defendant's assertion of unfair prejudice or surprise.

In its Reply, the Defendant contends that the Plaintiff has offered no reasonable explanation for its failure to include these witnesses on its disclosures and that the factors identified in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) weigh in favor of restricting the Plaintiff from calling these witnesses. The Defendant further asserts that should this Court "forgive Plaintiff's failure to meet its Rule 26 disclosure obligations, Plaintiff should bear the reasonable costs of deposition and related discovery . . . and/or be restricted to calling these witnesses for impeachment or rebuttal purposes only."

At the hearing held on May 16, 2025, the Defendant largely reiterated its prior arguments.

In response, the Plaintiff again argued and asserted that it largely intends to call these witnesses for rebuttal purposes or as alternatives should another BMO or Stretto, Inc. witness be unavailable.

In *Patterson*, the Second Circuit identified four factors to be considered when determining whether preclusion of a witness is appropriate: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* at 117. This Court will consider each factor in turn.

As to the first factor, counsel for the Plaintiff explained that it failed to comply with the early disclosure requirement under Rule 26, but that it did so because, for example, the Plaintiff only learned through testimony obtained in January 2025 that it might need to additionally call Mr. Scott Rosen. Furthermore, the Plaintiff contended that it had substantially complied with Rule 26. For example, a representative of BMO was originally disclosed, and the Plaintiff merely later identified an alternative representative that lives in closer proximity to this Court. While the Court is sympathetic to the Defendant's alleged angst regarding the noncompliance, this Court does not agree with its assertion that the Plaintiff offered no reasonable explanation for its failure to comply.

As to the second factor, the Plaintiff successfully established that the testimony of the witnesses that the Defendant seeks to preclude may indeed be

important, particularly to establishing the relationship between the Plaintiff, the Defendant, and BMO, to assessing the series of events that led the Plaintiff to hire the Defendant as its CRO, and to scrutinizing the transaction at issue here, which allegedly constitutes a preferential transfer. To claim that such testimony is not likely important blinks reality.

As to the third factor, the Court finds it difficult to conclude that the Defendant would suffer discernible prejudice should these witnesses not be precluded from testifying. The four witnesses identified are certainly known to the Defendant, and the likely content of any testimony they might offer is reasonably predictable and perhaps even known from the control perspective of the Defendant at the Company. Accordingly, as to this factor, the Court concludes that the quantum of prejudice or surprise that the Defendant would suffer is indeterminable. Further, if prejudice is manifested, it can readily be addressed in fuller cross examination or a truncated deposition during a trial recess.

As for the fourth factor, the Defendant has raised the concern that should the Court permit additional discovery, subpoenas would be served on these witnesses and trial could ultimately be delayed. However, the Plaintiff noted that no one has yet sought a continuance or additional discovery. Given that this Court is not inclined to permit additional discovery (except as an exigency) and that the parties are likely prepared to proceed to trial with these witnesses given the close relationship they bear to other parties that the Plaintiff did disclose initially, the

Court does not view the possibility of a disruptive continuance as a serious risk weighing in the Defendant's favor.

Accordingly, the Court concludes that the four relevant factors weigh against precluding the testimony of the four witnesses and DENIES Motion in Limine No. 4.

### e. Motion in Limine No. 5 To Exclude Expert Opinion Testimony of Craig R. Jalbert

In its fifth Motion in Limine, the Defendant argues that Jalbert should not be permitted to testify as an Expert because his testimony either: 1) pertains to questions of law on which he cannot opine; or 2) amounts to nothing more to his opinions on a factual narrative about which he has no personal knowledge.

In its Objection, the Plaintiff contends that any objections about Jalbert's opinion as an expert should go to the weight of his testimony rather than to its admissibility and that this objection, best tested at trial, is accordingly premature.

In its Reply, the Defendant asserts that "[s]everal of Mr. Jalbert's . . . purported opinions are nothing more [than] speculation or his subjective view of the intent of others . . . ." The Defendant further contends that Jalbert's testimony will not be helpful to this Court as the trier of fact because he merely recites "his own commentary on the facts . . . ."

At the hearing held on May 16, 2025, the parties largely reiterated their arguments.

Preliminarily, the Court first notes that "[d]isagreements over the strength of an expert's credentials, faults in the expert's methodology, or the 'lack of textual

13

authority' for the expert's opinion, 'go to the weight, not the admissibility, of his testimony.' *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). 'Similarly, assertions that an expert witness's testimony is based upon unfounded assumptions go to the weight, not the admissibility, of the testimony.' *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651, 1022 WL 3586063, at *1 (S.D.N.Y. Aug. 8, 2011)." *United States v. M/Y Amadea*, No. 23-CV-9304 (DEH), 2025 WL 460030, at *1 (S.D.N.Y. Jan. 15, 2025).

With these standards in mind, the Court concludes that whether Jalbert's testimony as an expert is admissible, including whether any of Jalbert's purported factual assertions are indeed "unmoored" or "scattershot," are issues best examined and determined at the time of trial when his proffered opinions can be viewed in context and Jalbert can be subject to appropriate cross examination. Accordingly, the Court DENIES Motion in Limine No. 5.

### f. Motion in Limine No. 6 To Exclude Hearsay Evidence or Testimony

In its sixth Motion in Limine, the Defendant argues that the Plaintiff's Exhibit List contains multiple documents that are either themselves inadmissible hearsay or which contain portions that constitute inadmissible hearsay. Some of the documents identified include emails between the Plaintiff's senior secured lender and its counsel, for example. The Defendant asserts that the Plaintiff will need to provide an appropriate witness to lay the foundation if it wants these documents introduced and further that the Plaintiff cannot use the business record exception to introduce these documents into evidence. Indeed, we will see if the Plaintiff can

satisfy these evidentiary admission barriers or advance exceptions to the hearsay rule if these documents are offered at trial.

In its Objection, the Plaintiff argues that the Defendant has not proved that any of the statements at issue will even be used to establish the truth of the matter asserted and that this Motion is therefore premature and overbroad. Further, the Plaintiff notes that as this trial will be a bench trial, there is no risk of prejudice to a jury in mistaken hearsay determinations that may be made at trial.

In its Reply, the Defendant claims that its Motion "does nothing more than raise an obvious issue in an effort to seek the Court's guidance on the evidentiary framework for trial, avoid trial disruptions, and facilitate a smoother proceeding." Ultimately, the Defendant asserts that Jalbert cannot possibly "provide the foundation necessary to offer certain documents containing hearsay into evidence" when he allegedly has no personal knowledge of such matters. But again, only a trial will tell us if others who testify may provide such a foundation.

At the hearing held on May 16, 2025, the Defendant reiterated its concerns that the upcoming trial in this case would be "plagued" by such questions as whether a proper foundation can be laid for a certain document or whether an exception to the hearsay rule can be established. Discourse, objection, and determinations of evidentiary issues are hardly a plague, but inherent in trial practice. The Court is well schooled in the rules of evidence and equipped to readily determine the propriety of a document lacking in foundation or purpose.

In response, the Plaintiff also argued that the Defendant's Motion is overbroad, conclusory, and premature. Further, the Plaintiff asserted that at this stage in the litigation, the Court would have to parse through each document in a vacuum because the documents were provided without context, and prematurely, as the parties are still preparing their final work product for trial.

Here, the Court readily agrees with the Plaintiff. This Motion is clearly premature. It should instead be considered in context at trial when the parties have an opportunity to explain for what purpose it seeks to introduce a certain document and to lay a foundation for the introduction of that document or to identify an exception to the hearsay rule that supports its proffer. Accordingly, Motion in Limine No. 6 is DENIED.

### 3. Conclusions

In sum, although the Court appreciates the Defendant's pointed attention to these evidentiary issues and the parties' briefs and arguments thereon, which will surely be helpful in later delineating these issues at trial, the Motions' contentions are generally premature and lack context. The Court's experience and judicial restraint signal that the alleged evidentiary issues herein are better suited for determination at trial with all attendant nuance, context, and argument.

After thorough review and consideration of the arguments advanced in the briefs and at the hearing before this Court, and for the reasons stated above, the

Motions are DENIED without prejudice to renewal of inadmissibility claims at the time of trial.

IT IS SO ORDERED at Hartford, Connecticut this 20th day of May 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut